■ HAMPTON ANIMAL SHELTER, INC., Appellant, v AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS et al., Respondents.—In an action to recover damages for the destruction by the defendants of animals owned by the plaintiff, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Hand, J.), entered July 31, 1989, which denied its motion for summary judgment and for a hearing on the assessment of damages.

Ordered that upon searching the record, the order is modified by adding thereto a provision granting the defendants summary judgment dismissing the complaint; as so modified, the order is affirmed, with costs to the defendants.

Agriculture and Markets Law § 374 (1) empowers any agent or officer of the American Society for the Prevention of

Cruelty to Animals (hereinafter the ASPCA) to humanely destroy or cause to be humanely destroyed "any animal found abandoned and not properly cared for, or any lost, strayed, homeless or unwanted animal, if upon examination a licensed veterinary surgeon shall certify in writing, or if two reputable citizens called by him to view the same in his presence find that the animal is so maimed, diseased, disabled, or infirm so as to be unfit for any useful purpose; or after such agent or officer has obtained in writing from the owner of such animal his consent to such destruction" (Agriculture and Markets Law § 374 [1] ).

By order dated October 29, 1984, the Supreme Court, Suffolk County (Gerard, J.), granted the defendants' ex parte application to permit duly-licensed veterinarians and animal health technicians, as well as any necessary support personnel, to enter the plaintiff's premises for the purposes of conducting further examinations and seizing and/or euthanizing those animals which are, in the veterinarian's discretion, "so maimed, diseased, disabled or infirm so as to be unfit for any useful purpose".

The defendants' conduct in entering the plaintiff's premises and humanely euthanizing numerous dogs, cats and farm animals was clearly taken under authority of the order dated October 29, 1984. In light of the affidavits of the veterinarians and animal health technicians who were present during the time in question and the inhumane conditions depicted in the photographs submitted by the defendants, the plaintiff's contention that all of the animals on its premises were wanted and that none were abandoned is incredible. Accordingly, the plaintiff's action for compensatory and punitive damages for the wrongful destruction of its property is dismissed, with prejudice. Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.